# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| VIELA BIO, INC., YANLING CAO, | : **SECURITIES EXCHANGE ACT OF 1934** |
| EDWARD HU, RACHELLE JACQUES, | : |
| CHIRS NOLET, TYRELL RIVERS, | : |
| ANDREAS WICKI, BING YAO, HORIZON | : |
| THERAPEUTICS USA, INC., TEIRIPIC | : |
| MERGER SUB, INC., and HORIZON | : |
| THERAPEUTICS PLC, | : |
| | : |
| Defendants. | : |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On January 31, 2021, Viela Bio, Inc. ("Viela" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Horizon Therapeutics USA, Inc. ("Parent"), Teiripic Merger Sub, Inc. ("Merger Sub"), and Horizon Therapeutics plc ("Ultimate Parent") (collectively, "Horizon") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Merger Sub commenced a tender offer to purchase all of Viela's outstanding common stock for $53.00 per share (the "Tender Offer"), which is currently scheduled to expire on March 12, 2021.

3. On February 12, 2021, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission ("SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Viela common stock.

9. Defendant Viela is a Delaware corporation. Viela's common stock is traded on the NASDAQ under the ticker symbol "VIE."

10. Defendant Yanling Cao is a member of the Board of Directors of Viela (the "Board").

11. Defendant Edward Hu is a member of the Board.

12. Defendant Rachelle Jacques is a member of the Board.

13. Defendant Chris Nolet is a member of the Board.

14. Defendant Tyrell Rivers is a member of the Board.

15. Defendant Andreas Wicki is a member of the Board.

16. Defendant Bing Yao is Chief Executive Officer and Chairman of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation and a wholly-owned subsidiary of Ultimate Parent.

19. Defendant Merger Sub is a Delaware corporation and a wholly-owned subsidiary of Parent.

20. Defendant Ultimate Parent is a Ireland public limited company.

## SUBSTANTIVE ALLEGATIONS

21. Viela is a biotechnology company dedicated to the discovery, development, and commercialization of novel treatments for autoimmune and severe inflammatory diseases.

22. On January 31, 2021, Viela entered into the Merger Agreement, under which Merger Sub commenced the Tender Offer to acquire all of Viela's outstanding common stock for $53.00 per share.

23. The press release announcing the Proposed Merger provides as follows:

Horizon Therapeutics plc (Nasdaq: HZNP) and Viela Bio, Inc. (Nasdaq: VIE) today announced the companies have entered into a definitive agreement under which Horizon will acquire all of the issued and outstanding shares of Viela Bio, Inc. common stock for $53.00 per share in cash, which represents a fully diluted equity value of approximately $3.05 billion, or approximately $2.67 billion net of Viela's cash and cash equivalents. As previously announced, Horizon had $2.08 billion in cash and cash equivalents at December 31, 2020. The transaction is expected to close by the end of the first quarter of 2021.

"This acquisition represents a significant step forward in advancing our strategy – to expand our pipeline in order to accelerate our growth over the long term," said Tim Walbert, chairman, president and chief executive officer, Horizon. "Adding

3

Viela's research and clinical development capabilities along with its deep, mid-stage biologics pipeline to our seasoned R&D and commercial teams, advances our transformation to an innovation-driven biotech company where we will build on the success of TEPEZZA and KRYSTEXXA to bolster our long-term growth trajectory. We intend to maximize the full potential of Viela's pipeline, including the pursuit of additional future indications." []

"We are pleased that Horizon recognizes the value of our robust R&D pipeline, our commercial medicine UPLIZNA, which is an important treatment option for patients with NMOSD, and our talented team," said Bing Yao, Ph.D., chairman and chief executive officer, Viela Bio, Inc. "We believe that the combined pipeline, including the pursuit of additional potential indications, has the potential to yield innovative new medicines to treat autoimmune and severe inflammatory diseases. Our collective R&D expertise coupled with Horizon's commercial capabilities, has the potential to provide benefit to more patients with high unmet treatment needs."

Financial Impact

Horizon anticipates the transaction will reduce its adjusted EBITDA by approximately $140 million in 2021, nearly all of which is attributable to increased R&D investment.

Transaction Terms and Approvals

The acquisition is structured as a two-step cash tender offer for all the issued and outstanding shares of Viela Bio, Inc. common stock at a price of $53.00 per share. Following successful completion of the tender offer, Horizon will acquire all remaining shares not tendered in the offer through a second step merger at the same price per share as in the tender offer. The transaction has been unanimously approved by Horizon's and Viela's boards of directors and is subject to the satisfaction of customary closing conditions, including the expiration or termination of the waiting period under the Hart-Scott Rodino Antitrust Improvements Act of 1976. Stockholders holding approximately 54% of the outstanding shares of common stock of Viela, including AstraZeneca UK Limited, have agreed to tender their shares in the offer pursuant to support agreements.

Financing

Horizon intends to finance the transaction through $1.3 billion of external debt along with cash on hand. Horizon has put in place fully committed financing with Citigroup Global Markets Inc. and Morgan Stanley Senior Funding, Inc.

Advisors

Morgan Stanley & Co. LLC is the sole financial advisor to Horizon in the transaction. Horizon's legal advisor is Cooley LLP.

Goldman Sachs & Co. LLC is the sole financial advisor to Viela in the transaction. Viela's legal advisor is Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

24. On February 12, 2021, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

25. The Recommendation Statement fails to disclose material information regarding the analyses performed by Goldman Sachs & Co. LLC ("Goldman"), Viela's financial advisor in connection with the Proposed Merger. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

26. The Recommendation Statement fails to disclose the following regarding Goldman's Illustrative Discounted Cash Flow Analysis: (i) the line items used to calculate unlevered free cash flow; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) the terminal values of Viela; (iv) the estimated benefits of the Company's NOLs; and (v) the number of fully diluted outstanding shares.

27. The Recommendation Statement fails to disclose the following regarding Goldman's Illustrative Sum of the Parts Analysis: (i) the inputs and assumptions underlying the discount rates and perpetuity growth rate; (ii) the estimates of unlevered free cash flow to be generated from UPLIZNA (NMOSD), Inebilizumab (MG), Inebilizumab (IgG4), Inebilizumab (Kidney Transplant Desensitization), VIB4920 (Sjögren's Syndrome and Kidney Transplant Rejection), and VIB7734 and the underlying line items; (iii) the estimates of unlevered free cash flow to be generated from additional potential product candidates and indications and the underlying line items; (iv) the terminal values; (v) the estimates of certain operating expenses that

had not been allocated to specific products; (vi) the benefits estimated by the Company's management to be derived by the Company from its utilization of the Company's estimated NOLs; and (vii) the number of fully diluted outstanding shares.

### Financial Projections

28. The Recommendation Statement fails to disclose material information regarding Viela's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. The Recommendation Statement fails to disclose the following regarding Viela's financial projections: (i) the line items used to calculate unlevered free cash flow; (ii) projected EBITDA; and (iii) a reconciliation of the non-GAAP to GAAP metrics.

### Potential Conflicts of Interest

30. The Recommendation Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of Viela's officers and directors, including who participated in all the communications.

31. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

32. If disclosed, the omitted information would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim Against All Defendants for Violation of Section 14(e) of the Exchange Act**

33. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34. Section 14(e) of the Exchange Act states:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

35. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

36. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

37. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Merger.

38. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

39. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Merger.

40. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

41. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

42. Accordingly, defendants violated Section 14(e) of the Exchange Act.

43. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

**Claim Against All Defendants for Violation of 14(d) of the Exchange Act**

44. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

45. Section 14(d)(4) of the Exchange Act provides:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

46. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

47. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

48. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

49. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

50. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Merger if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

51. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants and Horizon for Violation of Section 20(a) of the Exchange Act**

52. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

53. The Individual Defendants and Horizon acted as controlling persons of Viela within the meaning of Section 20(a) of the Exchange Act as alleged herein.

54. Due to their positions as directors of Viela and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants and Horizon was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to

and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

57. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly connected with and involved in the making of the Recommendation Statement.

58. Horizon also had direct supervisory control over the composition of the Recommendation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Recommendation Statement.

59. Accordingly, the Individual Defendants and Horizon violated Section 20(a) of the Exchange Act.

60. The Individual Defendants and Horizon had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

61. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

62. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.	In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.	Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.	Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.	Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

| | |
|---|---|
| Dated: February 26, 2021 | **GRABAR LAW OFFICE** |
| | By: *[signature]* |
| | Joshua H. Grabar (#82525) |
| | One Liberty Place |
| | 1650 Market Street, Suite 3600 |
| | Philadelphia, PA 19103 |
| | 267-507-6085 |
| | jgrabar@grabarlaw.com |
| | |
| | *Counsel for Plaintiff* |